IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                              **No. 03-CR-02040 RB**

**CARMEN MORALES-MARQUEZ,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Carmen Morales-Marquez's Petition Pursuant to 28 U.S.C. § 1651 (Doc. 17) and the Government's opposition response thereto (Doc. 24). Defendant asks the Court to vacate her conviction and sentence in this petition for writ of error *coram nobis*, pursuant to the "All Writs Act." Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court will **deny** Defendant's petition.

    **I.**      **Background**

On July 18, 2003, Defendant was arrested in Luna County, New Mexico, for Possession with Intent to Distribute 50 Kilograms and more of Marijuana, in violation of 21 U.S.C. § 841(b)(1)(C). (PSR ¶ 1.) United States Customs Border Protection encountered Defendant when she crossed the border at the Columbus Port of Entry. (*Id.* at ¶ 6.) Defendant was the driver and sole occupant of a pickup truck she said she borrowed from a friend so she could buy car parts in Columbus, New Mexico. (*Id.*) The Border Protection Inspector used a density meter on the floorboard inside the cab of the truck and obtained an unusually high reading. (*Id.*) Border Protection Inspectors ultimately discovered a hidden compartment in the floorboard, which

contained 107 packages of marijuana, a gross weight of 236 pounds. (*Id.*) When the agents questioned Defendant, she made no post-arrest statements accepting responsibility for the marijuana or implicating others involved in the offense. (*Id.*)

Defendant entered into a Plea Agreement (Doc. 120), wherein she recognized that the agreement conferred a benefit upon her and waived her right to appeal any sentence within the applicable guideline range. According to the Plea Agreement, Defendant demonstrated a recognition and affirmative acceptance of personal responsibility for her crime. (*Id.*) Because she accepted responsibility, Defendant was given a three-level reduction from the base offense level pursuant to § 3E1.1 of the United States Sentencing Guidelines. (*Id.*) Defendant appeared at her plea hearing with her Attorney, Mark Robert, and her plea was taken with the aid of an interpreter. (Govt. Ex. 3 at 1.) Defendant stated that she was not being treated for any kind of mental illness and was not under the influence of any intoxicants. (*Id.* at 3:7–10.) Defendant said she was pleased with her attorney and had no complaints regarding his representation. (*Id.* at 7:4–9.) Defendant told the Court she was entering her plea agreement voluntarily, without threat or promise. (*Id.* at 8:14–9:4.) Defendant acknowledged that she "knew there was marijuana in the vehicle and [that she was] taking it from one place to another. (*Id.* at 18:7–13.) The Court found that there was a factual basis for Defendant's plea, that the plea was voluntary, and that Defendant was competent to plea. (*Id.* at 18:14–17.)

The PSR calculated Defendant's base offense level at 24. (PSR ¶ 11.) Defendant received a two-level reduction because she was a minor participant in the offense. (PSR ¶ 14.) Defendant received a three-level reduction based on her acceptance of responsibility. (PSR ¶ 17.) Defendant's total offense level was calculated at 19. (PSR ¶ 18.) Defendant qualified for safety valve pursuant to U.S.S.G. § 5C1.2 after adequately debriefing the Government about the instant offense. (*See*

Govt. Ex. 4.) In her written proffer, Defendant stated that she initially declined an offer from her employer, Oton Arciniegas, to transport marijuana into the United States. (*Id.*) The second time he asked Defendant to transport marijuana, Arciniegas offered to forgive a $300 loan he she had borrowed from him and give her an additional $300. (*Id.*) Defendant accepted this offer, and on the day of her arrest, Arciniegas brought the loaded truck to her home and instructed her to leave the truck at a parking lot just inside the United States border. (*Id.* at 2.) Arciniegas told Defendant to leave the keys in the truck and walk back to Palomas. (*Id.*)

Defendant's proffer letter allowed her an additional two-level reduction to her offense level, leaving her with a total offense level of 17. (*See* Addendum to the Presentence Report.) On April 7, 2004, the Court sentenced Defendant to 24 months incarceration, followed by three years of unsupervised release and a $100 special penalty assessment. (Doc. 16.) Judgment was entered on April 7, 2004. (Doc. 15.) Defendant did not file an appeal of her conviction, nor did she file a motion for relief pursuant to 28 U.S.C. § 2255.

## II. Discussion

Defendant now argues that she is factually innocent and was merely an unwitting transporter of the drugs concealed in her boss's truck. (Doc. 17 at 1.) Defendant asks the Court to vacate her conviction and sentence because her attorney was ineffective in advising her to "enter a plea of guilty without investigating her good character in her community and fighting the unproved allegation that she somehow knew of the concealed marijuana . . ." (*Id.* at 2.)

"A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no longer in custody and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *Chaidez v. United States*, 133 S. Ct. 1103, 1106 n.1 (2013). "The writ is available only to 'correct errors that result in a complete miscarriage of justice.'"

3

*United States v. Williamson*, 806 F.2d 216, 222 (10th Cir. 1986) (internal quotations omitted). There are three prerequisites to the granting of a writ of *coram nobis*. *Embrey v. United States*, 240 F. App'x. 791, 794 (10th Cir. 2007). "First, the petitioner must have exercised diligence in bringing his or her claim." *Id*. "Second, the writ is only available when other remedies and forms of relief are unavailable or inadequate." *Id.* The Tenth Circuit has explained this to mean that the petitioner "must exhaust all otherwise available remedies, which includes seeking post-conviction relief under § 2255." *Id.* (citing *United States v. Carpenter*, 24 F. App'x. 899, 905 (10th Cir. 2001)). "Third and finally, the writ is available to correct errors of a fundamental nature." *Id.* "The proceedings leading to the petitioner's underlying conviction are presumptively correct and the burden is on the petitioner to assert a jurisdictional or constitutional error resulting in a complete miscarriage of justice." *Id.* The Supreme Court has said that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate. *Id.* (citing *Carlisle v. United States*, 517 U.S. 416, 429 (1996)).

Defendant has not met any of the three prerequisites. First, in her petition, Defendant claims that she was unaware of post-conviction remedies, but she "diligently pursued this matter" after learning relief was available. (Doc. 17 at 26). Defendant alleges her factual innocence, and presumably would have known she was innocent upon her arrest in 2003. She also knew about her attorney's failure to interview character witnesses. Defendant's conviction was in 2004. Defendant has had thirteen years to bring this claim. Ignorance of the law generally does not excuse a failure to file promptly. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Second, Defendant failed to seek an adequate remedy to address her claims. Defendant contends that she was factually innocent, that her plea was unknowing and involuntary, and that her attorney failed to interview character witnesses. All of these issues could have been raised by

4

direct appeal or under a motion pursuant to 28 U.S.C. § 2255. Defendant did not appeal or raise a motion to address these claims. A writ of *coram nobis* may only be granted where the defendant can demonstrate that she had no other available remedy for relief. Defendant made no such showing.

Finally, Defendant has failed to show that her conviction resulted in a complete miscarriage of justice. In her petition, Defendant argues that she would not have entered into the guilty plea if her attorney had investigated her character and that her plea was involuntary and unknowing. She also alleges innocence of the crime of conviction. The allegations raised in Defendant's petition contradict her sworn plea and the letter she proffered for safety valve eligibility. Defendant alleges that she remembers asking her attorney to interview character witnesses after she was indicted but before she entered a guilty plea. (Doc. 17 at 2.) The Government notes that Defendant pleaded before she was indicted, however. (Doc. 24 at 9.) Defendant does not explain why her attorney's failure to interview character witnesses would have had any effect on her plea. Defendant claims that she pleaded guilty despite knowing she was innocent because of her lack of education and her low social status. (Doc. 17 at 18). She also blames her low education level on her failure to understand what was happening during her plea colloquy. (*Id.*) There is no indication that Defendant experienced any confusion or a lack of understanding during the plea colloquy. (*See* Doc. 24-3.) Defendant's proffer letter described in detail her criminal actions. The letter made it clear that she knew she was transporting marijuana in exchange for debt forgiveness and money. Defendant has not met her burden of demonstrating a jurisdictional or constitutional error that results in a complete miscarriage of justice.

Defendant has not met any of the three prerequisites to be eligible for relief under a writ of *coram nobis*. Defendant did not exercise diligence in bring her claim, other forms of relief were

readily available, and Defendant has not shown that there was a complete miscarriage of justice.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Petition Pursuant to 28 U.S.C. § 1651 (Doc. 17) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**